*Exhibit A*

| | | |
|---|---|---|
| Image ID: D00477910D02 | **SUMMONS** | Doc. No. 477910 |

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA
575 S. 10th Street - 3rd Floor
SEPARATE JUVENILE COURT-4th Floor
Lincoln                    NE 68508

Shannon R Gottschalk v. Hornady Manufacturing Co.

Case ID: CI 16   743

TO:   Hornady Manufacturing Co.

You have been sued by the following plaintiff(s):

   Shannon R Gottschalk

Plaintiff's Attorney:   Vincent M Powers
Address:                411 S 13th St Ste 300
                        P.O. 84936
                        Lincoln, NE 68501-4936
Telephone:              (402) 474-8000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   MARCH 4, 2016       BY THE COURT:  _____
                                               Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

   Hornady Manufacturing Co.
   c/o Reg Agt: Stephen D Hornady
   P.O. Box 1848, State Spur 430
   Grand Island, NE 68802

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

| | | |
|---|---|---|
| SHANNON R. GOTTSCHALK, | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT, |
| vs. | ) | JURY DEMAND |
| | ) | AND PRAECIPE |
| HORNADY MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiff, Shannon Gottschalk, by and through her attorney Vince Powers, and for her complaint against the Defendant states and alleges as follows:

1. Plaintiff brings this action to address violations by Defendant of Plaintiff's rights secured under the laws of the State of Nebraska and the United States of America.

2. The Plaintiff's claims seek redress for violations of rights secured to her by the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 20-148; the Americans with Disabilities Act Amendments Act (ADAAA); Nebraska Fair Employment Practices Act, *Neb. Rev. Stat.* §§ 48-1101 to 48-1126, as amended; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 42 U.S.C. §2000e, as amended.

3. This Court has original jurisdiction over the claims arising under state law and concurrent jurisdiction for the claims arising under federal law.

4. The Plaintiff has satisfied the administrative requisites prior to filing this timely lawsuit.

5. At all times alleged, Plaintiff was a resident of Nebraska.

6. Upon information and belief, the Defendant Hornady Manufacturing Co. is an employer as that term is defined by the state and federal statutes referenced herein. Upon information and belief, the Defendant Hornady Manufacturing Co. is a domestic

corporation licensed to do business in the State of Nebraska and was doing business in Nebraska at all times alleged herein.

7. The Plaintiff is a qualified person with a disability as that term is defined under state and federal disability discrimination laws. At all times relevant, Defendant was aware of Plaintiff's disability and need for reasonable accommodation.

8. Prior to her constructive discharge on September 12, 2014, Plaintiff had been employed with the defendant for two years as a shipping clerk. At all times alleged herein, Plaintiff's job performance was satisfactory.

9. Beginning in spring of 2012, Plaintiff was subjected to sexual harassment from her male coworkers.

10. Plaintiff reported the harassment to her supervisor.

11. The harassment continued following Plaintiff's first report to her supervisor. Plaintiff made a second report to her supervisor, after which Plaintiff's male coworkers discontinued the specific actions and comments the Plaintiff had reported.

12. Subsequently, male coworkers resumed harassing the Plaintiff with different remarks. Plaintiff reported this to her supervisor and the Human Resources department.

13. Plaintiff was subsequently moved from her position as a shipping clerk to the truck line, where she was on the floor with a greater number of male coworkers. Plaintiff continued to be sexually harassed and subjected to derogatory comments.

14. On July 2, 2014, Plaintiff reported the continuing harassment to Human Resources.

15. On July 3, 2014, the day after making said report to Human Resources, Plaintiff was called into a disciplinary meeting and received a written warning for "spreading gossip"

2

and "continually telling on others." Plaintiff was told that it was "a one-sided conversation" and that "it is the nature of working in this environment."

16. Plaintiff was then moved from the truck line to another position where she was required to move products and do other labor that she was physically unable to do.

17. On July 23, 2014, Plaintiff requested another meeting with supervisors, and was again informed that it was a "one-sided conversation" and "maybe this isn't the environment" for the Plaintiff.

18. At the end of July 2014, Plaintiff was granted medical leave due to her disability, which had been exacerbated by the stress she was subjected to at work. Plaintiff elected to resign from her position rather than return in September 2014.

19. Defendant's employees, supervisors and/or management level employees were acting in the scope and course of their employment with the Defendant at all times alleged herein.

20. Plaintiff, a female, was discriminated against in the terms, conditions, and privileges of her employment and a motivating factor in the Defendant's discriminatory action(s) was her gender.

21. As a result of the unlawful acts noted herein, Plaintiff has sustained compensatory damages, lost wages, the value of job related benefits and accrued interest. Plaintiff will continue to incur lost wages, the value of job related benefits and interest thereon as noted above as well as future compensatory damages. Plaintiff has also sustained other damages not specifically set forth herein.

22. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT I

Plaintiff incorporates paragraphs 1 through 22 as if fully set forth herein.

23. Defendant failed to provide reasonable accommodation to the Plaintiff during her tenure of employment and/or withdrew reasonable accommodations previously provided to the plaintiff and/or refused or otherwise failed to engage in the statutorily mandated deliberative process regarding reasonable accommodation with the Plaintiff in violation of the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. Section 20-148 and the ADAAA.

24. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages, the value of all job related benefits and compensatory damages into the future.

25. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT II

Plaintiff incorporates paragraphs 1 through 25 as if fully set forth herein.

26. Because of her participation in one or more protected activities, Plaintiff was retaliated against by the Defendant in the terms, conditions and privileges of employment, including, but not limited to: being denied reasonable accommodation and/or having reasonable accommodations previously provided withdrawn and/or being denied the opportunity to engage in the deliberative process regarding reasonable accommodation and/or being subjected to unwarranted disciplinary action(s). Said retaliatory conduct is violative of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. Section 20-148 and the ADAAA.

27. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages and the value of all job related fringe benefits into the future.

28. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT III

Plaintiff incorporates paragraphs 1 through 28 as if fully set forth herein.

29. A motivating factor in the Defendant's decision(s) to subject the Plaintiff to unwarranted disciplinary action(s) and/or terminating her employment was the Plaintiff's disability. Similarly situated non-disabled employees were treated in a more favorable manner than the disabled Plaintiff. Said discriminatory conduct is violative of the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. Section 20-148 and the ADAAA.

30. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages and the value of all job related fringe benefits into the future.

31. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT IV

Plaintiff incorporates paragraphs 1 through 31 as if fully set forth herein.

32. The Plaintiff's has been a victim of discrimination on the basis of her gender. Said conduct is violative of the Nebraska Fair Employment Practices Act, as amended, and Title VII of the Civil Rights Act, as amended.

5

33. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages and the value of all job related fringe benefits into the future.

34. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT V

Plaintiff incorporates paragraphs 1 through 34 as if fully set forth herein.

35. Because of her participation in one or more protected activities, including but not limited to reporting discrimination on the basis of gender, fe Plaintiff was retaliated against by the Defendant in the terms, conditions and privileges of employment, including, but not limited to being subjected to unwarranted disciplinary action(s). Said retaliatory conduct is violative of Nebraska Fair Employment Practices Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

36. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages and the value of all job related fringe benefits into the future.

37. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

## COUNT VI

Plaintiff incorporates paragraphs 1 through 37 as if fully set forth herein.

38. A motivating factor in the Defendant's decision(s) to subject the Plaintiff to unwarranted disciplinary action(s) and/or terminating her employment was the Plaintiff's gender. Similarly situated male employees were treated in a more favorable manner than the

6

Plaintiff, who is female. Said discriminatory conduct is violative of the Nebraska Fair Employment Practices Act, as amended, and Title VII of the Civil Rights Act of 1964, as amended.

39. As a direct, proximate result of Defendant's aforementioned illegal conduct, Plaintiff has suffered compensatory damages, lost wages and the value of job related benefits and will continue to incur lost wages and the value of all job related fringe benefits into the future. Insofar as the Defendant's conduct was willful and/or reckless, punitive damages are appropriate under federal law.

WHEREFORE, Plaintiff demands judgment against the Defendant in the following respects:

   a. Declare the acts of the Defendant to be in violation of laws referenced herein;

   b. Award the Plaintiff lost wages and the value of benefits as well as prejudgment interest;

   c. Award the Plaintiff an appropriate amount of monetary damages for her compensatory damages;

   d. Award the Plaintiff attorney's fees and costs;

   e. Award punitive damages against the Defendant;

   f. Award such relief as this Court deems just and proper.

SHANNON GOTTSCHALK, Plaintiff.

s/ Vincent M. Powers
Vincent M. Powers, #15866
Powers Law
411 South 13th Street, Suite 300
P.O. Box 84936
Lincoln, NE 68501-4936
Telephone (402) 474-8000
Fax (402) 474-8000

## JURY DEMAND

Plaintiff requests that a jury trial be held in Lincoln, Lancaster County, Nebraska.

s/ Vincent M. Powers
Vincent M. Powers, #15866

## PRAECIPE

TO THE CLERK OF SAID COURT:

Please issue a summons in the above-captioned matter and return the same to Plaintiff's counsel for service by certified mail upon the Defendant as follows:

Hornady Manufacturing Co.
Registered Agent: Stephen D. Hornady
State Spur 430
P.O. Box 1848
Grand Island, NE  68802

s/ Vincent M. Powers
Vincent M. Powers, #15866

8